FILED

JUL 13 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LORI MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>HOWMEDICA OSTEONICS CORPORATION,<br><br>Defendants. | CV 17–02–M–DLC<br><br>ORDER |

THIS MATTER comes before the Court on the Parties' Joint Motion for Protective Order. The Court having reviewed the same and being advised in the premises, does hereby finds that good cause exists for the entry of this Stipulated Protective Order ("Protective Order") in that the preparation and trial of this action will require discovery of documents, testimony, information, or things claimed by one or more of the parties to contain confidential business or commercial information, and the ends of justice will be served by entry of an order setting forth procedures for and rules governing discovery, copying, use and return of documents, deposition transcripts, interrogator answers and other materials.

Accordingly, pursuant to F.R.C.P. 26(c), it is **HEREBY ORDERED, ADJUDGED AND DECREED** that this Protective Order be executed and filed by

-1-

the Court, stating as follows:

## SCOPE OF PROTECTIVE ORDER

1. This Protective Order shall apply to discovery initiated by either of the parties to the other party or to any third parties and shall apply to all information, documents, electronically stored information ("ESI") and/or things in the possession of or under the control of any party or third party subject to discovery in this action. This Protective Order shall further apply to all documents, the information contained therein, and all other information produced or supplied in this case in any form, whether revealed in a document, in deposition or other testimony, in discovery responses, or otherwise by a party or third party, and designated by the producing party as embodying "Confidential" or "Trade Secret" material.

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL OR TRADE SECRET INFORMATION

*"Confidential" or "Trade Secret" Material Defined*

2. As used in this Protective Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as "Confidential" or "Trade Secret" pursuant to the terms of this Protective Order, or that have been previously designated as such in other similar cases. The term "documents" as used herein shall be

interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type. This Protective Order is applicable to all forms of discovery, including but not limited to deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to request for disclosure, responses to requests for admission, medical records, and any documents recorded on computer disks. As used herein, a "party" or the "parties" means a person/entity or persons/entities subject to this Protective Order.

## *Designation of Confidential Discovery Material*

3. Documents or other discovery material may be designated as "Confidential" or "Trade Secret" only to the extent that it consists of or includes trade secret or confidential research development, competitive, proprietary or commercial information, including, but not limited to, financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court. Any failure to designate a document "Trade Secret" shall not waive trade secret for any document otherwise designated as "Confidential" pursuant to this Protective Order, and shall not waive or preclude any future "Trade Secret" designation.

4. Confidential information includes information that would identify patients and persons (excluding Plaintiff) associated with adverse events involving human drugs, medical devices, and research subjects. See 21 C.F.R. §314.430; 21 C.F.R. §20.63. Defendants shall not be compelled to disclose this identifying information and may redact this identifying information from discovery material before production, provided, however, that such defendant shall maintain an un-redacted copy of such discovery material for any further review by the Court.

5. The Producing Party may designate any document or information as Confidential Discovery Material by stating or otherwise clearly marking it as "Confidential" or "Trade Secret" in such a manner that will not interfere with legibility or audibility.

6. To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, the party producing such Electronic Discovery Material may designate it as Confidential Discovery Material by cover letter referring generally to the Electronic Discovery Material, and/or by designation in the accompanying load file. Whenever a party to whom confidential Electronic Discovery Material is produced

reduces the confidential Electronic Discovery Material to hardcopy or image form, that party shall mark each page of the hardcopy or image form with the "Confidential" and/or "Trade Secret" designation.

7. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question and answer shall be bound in a separate volume and marked as "Confidential" and/or "Trade Secret" by the court reporter. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such thirty (30) day period, the entire transcript shall be treated as Confidential Discovery Material. Counsel must make a good faith attempt to designate only those materials which contain confidential material. However, for convenience, the parties may agree that entire deposition transcripts shall be treated as Confidential Discovery Material.

8. Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow the parties to review and assess documents and information for confidentiality and designation.

9. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other materials should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Protective Order. Upon receipt of such designation in wiring, each party shall take reasonable and appropriate action to notify any and all recipients of such Confidential Discovery Material about the protected status of that material and shall retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Protective Order to have such material.

## *Inadvertent Disclosure By Producing Party*

10. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other production, provided that the Producing Party notices the Receiving Party in writing when it becomes aware of such inadvertent production. Upon notification, the Receiving Party shall immediately, at the Producing Party's option, return or destroy the inadvertently-produced materials and all copies, and shall delete the material and all copies from any litigation-support or other database.

The recipient shall destroy notes and work product reflecting the contents of such materials. No further use or disclosure shall be made of the inadvertently-produced materials, and the recipient shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the recipient has provided them.

11. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the Producing Party before complying with the above and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and information contained therein is privileged and/or protected. If the party returning such material does not agree with the privilege designation, the party returning such material must write a letter to the Producing Party, setting forth the reason for believing the material in question is not privileged. If the issue cannot be resolved between the parties, the Producing Party shall move the Court, within ten (10) days of the completion of such meet-and-confer efforts, to rule on the material's status and shall produce a copy of the document to the Court for in camera inspection. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

12. Any party producing documents in this action must simultaneously produce a privilege log, if any document has been withheld from production based on the assertion of privilege. The privilege log will identify every document withheld on the basis of privilege by: (1) author; (2) date; (3) recipients(s); (4) type of document; and (5) privilege asserted. If only a portion of the document is privileged, the Producing Party will only withhold that portion which is privileged, by redaction if possible. A log must be produced with each production and each Producing Party must produce an updated privilege log within a reasonable time of the determination that additional documents need to be added.

13. A party who learns of an unauthorized or inadvertent disclosure of Confidential Discovery Material by it or by any person to whom the party has disclosed Confidential Discovery Material pursuant to this Protective Order shall immediately (a) issue written notice of the unauthorized or inadvertent disclosure to the producing party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material subject to unauthorized or inadvertent disclosure; (c) inform all persons to whom unauthorized or inadvertent disclosure was made of the terms of this Protective Order; and (d) use best efforts to secure a non-disclosure agreement in the form attached as Exhibit A hereto from all persons to whom the unauthorized disclosure was made.

*Disputes as to Confidential Discovery Material*

14. Any party objecting to the designation of any material as Confidential Discovery Material, or requesting further limits on disclosure (such as "attorney eyes only"), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection. If the parties cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Discovery Material to submit the dispute to the Court pursuant to the Court's ordinary procedures for handling discovery disputes. If such dispute is submitted to the Court within thirty (30) days after the time the notice of objection is received, the disputed material shall be treated as Confidential Discovery Material pursuant to this Protective Order until the Court rules on the dispute. If the designating party fails to submit the dispute to the Court within thirty (30) days after the time notice of the objection is received, the disputed material shall lose its designation as Confidential Discovery Material and shall not thereafter be treated as Confidential in accordance with this Protective Order.

## **DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL**

*Non-Disclosure of Confidential Discovery Material*

15. Any party who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Protective Order.

16. All information which is or has been produced or discovered in the above titled action and designated "Confidential" or "Trade Secret" shall be used by the receiving party solely for the prosecution or defense of this action, and shall not be used by any such party, their counsel of record or any other person to whom such material is disclosed for any other purpose, unless the information is available to the general public without breach of the terms of this Protective Order, or is the subject of written agreements between the parties' counsel regarding its use in relation to litigation.

17. Each person who has access to Confidential Discovery Material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

### *Permitted Use of Confidential Discovery Material*

18. No party other than the party designating material as Confidential Discovery Material shall disclose such material to any other person, except as follows:

(a) Counsel for the parties in the specific action in which the documents are to be produced, including any paralegal, clerical, and other staff employed by counsel for work on this action;

(b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c) Any witness who counsel for party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this Protective Order as Exhibit A. However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture, or sale of any product that competes with, or is similar to, any product(s) addressed in documents produced as Confidential Discovery Material, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the Confidential Discovery Material, or obtain an order from the Court permitting the disclosure to said witness;

(d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advise to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f) Official court reporters; and

(g) The Court, jury, mediators, and support personnel.

19. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 19 above, the person shall be provided by counsel with a copy of this Protective Order and shall sign a non-disclosure agreement in the form attached as Exhibit A hereto. The non-disclosure agreement will state that the person has read this Protective Order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

*Filing Confidential Discovery Material*

20. The Parties shall comply with L.R. 7.2 when filing motions to restrict and when filing papers and documents under restriction. Confidential Discovery Material shall not be filed with the Court except when required in connection with matters pending before the Court and the parties shall follow L.R. 7.2 with respect to Confidential Discovery Material.

21. Whenever possible, disputes regarding confidentiality designations should be resolved before Confidential Discovery Material or any document containing or referencing it is filed with the Court. For any item of Confidential Discovery Material for which a designation dispute has not been resolved, that item and any document containing or referencing it will be filed under restriction (at least provisionally).

22. Any attorney wishing to file or submit to the Court any Confidential Discovery Material, or any affidavits, memoranda, exhibits or other papers containing or making reference to Confidential Discovery Material, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical and will protect the Confidential Discovery Material while leaving other non-confidential information meaningful. If so, redacted

versions of such materials shall be filed with the Court according to the standard filing procedures.

*Confidential Material Offered as Evidence at Trial*

23. The parties shall make a reasonable, good-faith effort to resolve any disputes over the use of Confidential Material prior to the time of trial or any court hearing. If the parties cannot resolve such dispute, they shall seek judicial intervention prior to the time of trial or court hearing.

24. The provisions of this Protective Order shall not affect, nor does this Order limit, the use or admissibility of Confidential Discovery Material (or references to that material) as evidence at trial, or during any arbitration, mediation, hearing, or similar proceeding in this action or as party of the record on appeal, provided that either party may seek appropriate Order of the Court to protect such Confidential Discovery Material at trial or other such addressed proceedings. Absent court order to the contrary, the use or production of Confidential Discovery Material at trial by any party, under restriction or under such other terms as required by the Court to maintain the confidentiality of that material, does not waive the protection of such Confidential Discovery Material required under this Protective Order in subsequent proceedings or in any other case.

## **PROCEDURES UPON THE CONCLUSION OF THIS LITIGATION**

## *Return of Confidential Discovery Material*

25. Except with respect to Confidential Discovery Material in the possession of the Court, within thirty (30) days after entry of dismissal or of final judgment in this action, including appeals, and upon written request, all Confidential Discovery Material, and all copies (including those in electronic format), shall promptly be returned to the Producing Party or, with the permission of the Producing Party, be destroyed. Additionally, Plaintiffs and Defendant's counsel shall cooperate in confirming that said documents and information in the possession of the Qualified Persons other than Court Personnel have been returned to Plaintiff and/or Defendant, as the case might be. If requested by Plaintiff or Defendant, all Qualified Persons other than Court Personnel to whom any Confidential Discovery Material was disseminated shall sign a certification to verify that all documents and materials in their possession, containing Confidential Discovery Material, have been returned.

Continuing Jurisdiction of the Court

26. After termination of this litigation, the provisions of this Protective Order shall continue to be binding unless otherwise ordered by the Court. This Court retains and shall have jurisdiction over the parties and recipients of Confidential Discovery Material to the extent necessary to modify this Protective Order, enforce its obligations, or to impose sanctions for any violation.

## **MISCELLANEOUS PROVISIONS**

27. Nothing in this Protective Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

28. Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Protective Order as if the party had stipulated to it at the time of entry. No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Protective Order.

    (a) Any discovery material designated as "Trade Secret" shall be treated in all respects as Confidential Discovery Material. Should any manufacturers and distributors of medical devices be joined as a party to this litigation, as to those manufacturers and distributors, any "Trade Secret" discovery material shall only be produced to counsel (including in-house counsel) as defined in paragraph 14(a), and not any other employees of those parties. The purpose of this paragraph is to prevent manufacturers and distributors of medical devices from having access

to the other's trade secret discovery material, except as needed by counsel defending this action.

29. The Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Any identifiable health information shall be automatically deemed "Confidential" and shall be treated as Confidential Discovery Material under the terms of this Order, without being stamped as "Confidential" by the producing party. Nothing in this Order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPAA.

30. Nothing in this Protective Order shall preclude a party from using or disclosing its own Confidential Discovery Material in any manner it sees fit, without the prior consent of any other party and without waiving its "Confidential" or "Trade Secret" status.

31. Any party served with a subpoena or other notice compelling production of Confidential Discovery Material shall immediately give written notice to counsel for the Producing Party.

32. Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver

of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

33. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things. Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Confidential Discovery Material and subject to this Protective Order.

34. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court.

DATED this 13th day of July, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court